**NALL, et al v. BALDWIN, et al.**
No. 75-270CA.

**BLOUNT, et al v. BALDWIN, et al.**
No. 75-265CA.

Circuit Court, Walton County.

February 3, 1976.

Roderic G. Magie, Pensacola, for plaintiffs Nall, McDaniel and Hobbs.

Angus G. Andrews, De Funiak Springs, for plaintiff Blount.

W. Paul Thompson, De Funiak Springs, for the defendants.

WOODROW M. MELVIN, Circuit Judge.

*Final judgment:* The court has heard testimony, argument of counsel, and considered briefs thereafter filed by all parties in these actions in which plaintiffs seek injunctive and declaratory relief, addressed to the alleged invalidity of the action of the School Board of Walton County in adopting, on August 12, 1975, a resolution that abolished the position held by each plaintiff, and directing that each plaintiff be placed in the county school system in a position consistent with his professional certification.

Plaintiffs insist that in adopting the resolution in question the defendant board exceeded its authority for the reason that the abolition of the positions had not been recommended by the county superintendent and, in fact, at such meeting he urged the defendant board to retain such positions.

§§230.23(5) (a) and (b) and §230.33, Florida Statutes relate to procedure for establishment and filling new positions, based upon the superintendent's recommendations, reserving upon the school board the authority to reject any such recommendations only for good cause. The legislative policy in mandating superintendent participation in the creation of a new position in the system is readily apparent. He, more than any member of the board, by reason of his educational expertise, would be in a better position to know when the existence of a new educational position, such as a supervisor or any other here involved, would upgrade the quality of education for the county school system. However, when in the changing seasons of time, the duties of any such created positions are finally taken over by another division in the educational system, or another state agency, or experience establishes that such duties could with equal efficiency be performed in another and less expensive manner, it does not require the judgment of Solomon to realize that the shadow of the old position must pass away, to the relief of taxpayers, and without detriment to quality education.

The provisions of §230.03, Florida Statutes, leave it crystal clear that the final responsibility for the *organization* and *control* of the public schools in a county is vested in the school board. Such delegated responsibility is consistent with the delegated duty to the school board to determine the budget and the amount of tax that the citizens must pay toward the operation of the county school system. Such responsibility and such duty is not consistent with the implied suggestion of plaintiffs that the defendant board may serve only as a "rubber stamp" until such time as the superintendent recommends some course of action.

This court has found no law that prohibits a school board from abolishing a position that was needed when created but no longer is needed. If it were the purpose of the legislature to demote the school board into a body without authority to take affirmative action to abolish a position of supervisor or other position no longer of educational value, it would have so expressed the legislative will. It is not the proper function of a court to attempt to substitute its judgment for that of the school board as to a matter of school policy.

This court has observed the various witnesses as they gave testimony and has, by observing their candor and demeanor, arrived at a determination of the plaintiffs' remaining issue as to whether the board's action was the result of prejudice or ill-will on its part. This allegation has not been established.

The court finds that the members of board acted in good faith, within their legal authority, and their judgment should not be set aside.

It is therefore ordered and adjudged (1) The resolution complained of was legally adopted by the defendent board and is binding upon all parties and positions affected thereby. (2) The complaints above enumerated are without merit and are dismissed with prejudice, the court reserving jurisdiction for the sole purpose of rendering judgment against plaintiffs and for the defendants for defendants' costs of court to be heard upon motion and notice.